UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CORNERSTONE HEALTHCARE SERVICES, LLC dba CALDERA CARE, a Washington limited liability company, and RIVERSIDE NURSING-CENTRALIA, LLC dba RIVERSIDE NURSING & REHABILITATION CENTER, a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>GRAPH INSURANCE COMPANY, A RISK RETENTION GROUP, LLC, a Vermont insurance company,<br><br>Defendant. | NO.<br><br>COMPLAINT |

Plaintiffs Cornerstone Healthcare Services, LLC dba Caldera Care and Riverside Nursing-Centralia, LLC dba Riverside Nursing & Rehabilitation Center, by and through their attorneys of record, allege as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1.1 Plaintiff Cornerstone Healthcare Services, LLC dba Caldera Care ("Cornerstone") is a Washington limited liability company whose principal place of business is Washington. Plaintiff Riverside Nursing-Centralia, LLC dba Riverside Nursing & Rehabilitation Center ("Riverside"), is a Washington limited liability company whose principal place of business is Washington. Riverside operates a nursing and rehabilitation facility located at 1305 Alexander Street, Centralia, WA 98531.

{NAC2646343.DOCX;2/12793.000001/ }
COMPLAINT - 1

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

1.2     On information and belief, Defendant Graph Insurance Company, A Risk Retention Group, LLC (hereinafter "Graph") is a Vermont corporation whose principal place of business is Vermont.  At all times material to this action, it was an insurance company issuing insurance policies, adjusting insurance claims, and otherwise conducting business in the state of Washington.

1.3     The acts and omissions giving rise to this Complaint concern an insurance policy governed by Washington law and concerning events occurring at Riverside's nursing facility located in Centralia, Washington.

1.4     This Court has jurisdiction over this action under 28 U.S.C. § 1332.  There is diversity between the parties, and the amount in controversy exceeds $75,000.

1.5     Venue in the United States District Court for the Western District of Washington at Tacoma is proper under 28 U.S.C. § 1391 and LCR 3(e)(1), as this action arose from events at a facility located in Lewis County.

## II.     FACTUAL BACKGROUND

2.1     Plaintiffs reallege and incorporate by reference Paragraphs 1.1 through 1.5 as set forth above.

2.2     Graph issued a nursing home, rehabilitation and long-term professional liability and general liability insurance policy, policy number GI02110010254 (the "Policy"), to Plaintiffs, providing, among other things, coverage for damages in connection with a claim resulting from an incident arising out of professional services.  The Policy was issued for valuable consideration in the form of policy premiums.  All premiums due were paid.

2.3     A lawsuit was filed against Riverside on November 17, 2021.  Riverside was served with the lawsuit on December 2, 2021.  In pertinent part, the complaint in the underlying lawsuit alleged that a Riverside employee provided negligent care to a resident, which allegedly led to circumstances resulting in the resident being exposed to and then dying from Covid-19.  Plaintiffs tendered the claim to Graph.

{NAC2646343.DOCX;2/12793.000001/ }
COMPLAINT - 2

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

2.4     On December 13, 2021, Graph sent a coverage letter denying that it had a duty to defend or indemnify Plaintiffs under the Policy.  In its coverage analysis, Graph recognized that the complaint alleged facts of negligent care falling within coverage under the Policy.  Graph also recognized that this covered peril allegedly set in motion the subsequent events.  But Graph took the improper position that exclusions defeated coverage for the allegations in the underlying complaint.  Specifically, Graph relied on an exclusion that purports to exclude liability arising out of pandemic, and it relied on an exclusion for communicable diseases.  Graph, however, failed to recognize that controlling Washington insurance law (1) requires an insurer to defend its insured when, on the face of the complaint and Policy, there is an issue of fact or law that could conceivably result in coverage under the Policy and, (2) provides for coverage when a sequence of events begins with a covered peril, even if that covered peril leads to subsequent events that would otherwise be excluded under the policy.  Despite recognizing that the operative facts in the underlying complaint began with a covered peril, Graph denied coverage.

2.5     On April 18, 2022, Graph sent a letter to Plaintiffs purporting to withdraw its December 13, 2021 coverage denial.  Based on the same facts that it used to deny coverage on December 13, Graph announced that it would provide a defense under a reservation of rights.  It did not explain the factual or legal basis for changing its position.

2.6     On June 2, 2022, based on the same facts available on December 13 and April 18, Graph denied coverage for indemnity via a four-sentence email.  Graph's denial email did not explain the factual or legal basis for its denial of indemnity coverage.

### III.     CAUSE OF ACTION: DECLARATORY JUDGMENT

3.1     Plaintiffs hereby reallege and incorporate by reference Paragraphs 1.1 through 2.6 as set forth above.

3.2     A justiciable controversy exists between Plaintiffs and Graph with respect to the insurance contract that is the subject matter of this action.  Plaintiffs request a declaration and an adjudication from the Court that:

{NAC2646343.DOCX;2/12793.000001/ }
COMPLAINT - 3

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

(a) coverage for defense and indemnity exists under the Policy based on the facts alleged in the Complaint;

(b) as a result, Graph must indemnify and defend Plaintiffs for the lawsuit.

3.3 Plaintiffs further seek a declaration from the Court that:

(a) Graph's denials of coverage on December 13, 2021, and on June 2, 2022, were in bad faith and prejudicial to Plaintiffs. Graph's April 18, 2022 change in position, where it decided to defend under a reservation of rights, did not cure its December 13, 2021 bad-faith coverage denial. Further, when Graph undertook the defense under a reservation of rights, it owed Plaintiffs enhanced obligations, including an obligation to thoroughly investigate the claim, enhanced obligations that it breached by denying indemnity coverage on June 2, 2022; and

(b) as a result, Graph is estopped from denying coverage under the Policy.

## IV.  CAUSE OF ACTION: BREACH OF CONTRACT

4.1 Plaintiffs hereby reallege and incorporate by reference Paragraphs 1.1 through 3.3 as set forth above.

4.2 Plaintiffs have complied with all conditions precedent to coverage and indemnification under the Policy.

4.3 Graph has contractual duties under the terms of the Policy, which is an insurance contract, to indemnify and defend Plaintiffs for the covered peril as alleged in the Complaint.

4.4 Graph breached its contractual duties by wrongfully denying coverage for defense and indemnity on December 13, 2021, and by denying coverage for indemnity again on June 2, 2022.

4.5 As a direct and proximate result of Graph's breaches of its contractual duties, Plaintiffs have been damaged in an amount to be proved at trial.

//

//

//

{NAC2646343.DOCX;2/12793.000001/ }
COMPLAINT - 4

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

4.6    In addition, as a direct and proximate result of Graph's breaches of its contractual duties, Plaintiffs have been forced to incur attorneys' fees and other expenses to prosecute this action, the sole purpose of which is to obtain the benefits owed under the Policy.

## V.    CAUSE OF ACTION: BREACH OF DUTY OF GOOD FAITH

5.1    Plaintiffs hereby reallege and incorporate by reference Paragraphs 1.1 through 4.6 as set forth above.

5.2    Graph had a duty of good faith pursuant to RCW 48.01.030.  This duty required Graph to, among other things, deal fairly with Plaintiffs, give equal consideration to Plaintiffs' interests, not engage in any action that demonstrates a greater concern for its own financial interests than for Plaintiffs' financial risk, and not take any unreasonable, unfounded, or frivolous actions in the handling, investigation, and adjustment of the Plaintiffs' insurance claim.

5.3    Further, when Graph undertook a defense under a reservation of rights, it owed Plaintiffs enhanced obligations, including an obligation to thoroughly investigate the claim and an obligation to fully inform the insureds of all developments relevant to coverage and the progress of the lawsuit.

5.4    Graph breached its duty of good faith by, among other things, (1) denying coverage for defense and indemnity on December 13, 2021, even though the operative facts required coverage, (2) failing to explain its basis under the facts and the law for its coverage denial, (3) purporting to reverse its coverage denial on April 18, 2021, where it decided to provide a defense under a reservation of rights, based on the same facts it used to deny coverage on December 13 but without explaining the basis for changing its position under the facts and the law, (4) denying coverage for indemnity again on June 2, 2022, without providing a basis under the facts and the law for its coverage denial.

5.5    A violation of one or more of the Washington claims handling regulations is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract.

{NAC2646343.DOCX;2/12793.000001/ }
COMPLAINT - 5

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

5.6     Graph violated Washington claims handling regulations by, among other things, (1) mispresenting pertinent facts and insurance policy provisions, including policy coverage obligations; (2) refusing to provide coverage without conducting a reasonable investigation; and (3) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts and applicable law for denial of a claim.

5.7     Graph's actions and omissions, including but not limited to the wrongful denial of coverage, were unreasonable, unfounded, and frivolous, and they were breaches of Graph's duty of good faith.

5.8     As a direct and proximate result of Graph's breaches of its duty of good faith, Plaintiffs have been damaged in an amount to be proven at trial.

## VI.     CAUSE OF ACTION: VIOLATION OF CONSUMER PROTECTION ACT

6.1     Plaintiffs hereby reallege and incorporate by reference Paragraphs 1.1 through 5.8 as set forth above.

6.2     The business of insurance, as well as all acts and practices of insurers, their agents, and attorneys, are subject to the Consumer Protection Act, Chapter 19.86 RCW ("CPA").

6.3     The CPA requires that insurers abstain from unfair or deceptive acts.

6.4     Violations of Washington Administrative Code ("WAC") claims handling regulations are *per se* violations of the CPA.

6.5     Graph violated WAC claims handling regulations, including but not limited to WAC 284-30-330, WAC 284-30-350, and WAC 284-30-380.  As such, Graph engaged in unfair and deceptive acts or practices in trade or commerce that impacted the public interest, which caused injury to the Plaintiffs that is causally linked to the unfair or deceptive acts.

6.6     As a direct and proximate result of Graph's CPA violations, Plaintiffs have incurred actual damages in an amount to be proven at trial.

6.7     Plaintiffs are entitled to an award of treble damages up to the statutory cap for each violation and an award of reasonable attorneys' fees and costs pursuant to RCW 19.86.090.

{NAC2646343.DOCX;2/12793.000001/ }
COMPLAINT - 6

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215

## VII. PLAINTIFFS' RESERVATION OF RIGHTS

7.1   Plaintiffs expressly reserve their right to amend their Complaint at a later time to assert a claim against Graph for violations of Washington's Insurance Fair Conduct Act, upon proper notice to Graph and the Washington Insurance Commissioner's Office.

## VIII. PRAYER FOR RELIEF

Plaintiffs pray for judgement against Graph as follows:

1. A declaratory judgment as described herein, including coverage by estoppel;
2. Money damages in an amount to be proven at trial;
3. Reasonable attorneys' fees and costs, including expert fees, as allowed under statute and case law, including RCW 48.30.015, RCW 19.86.090, and *Olympic Steamship Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991);
4. An award of enhanced damages up to the statutory limit of $25,000 per violation pursuant to the CPA, RCW 19.86.090; and
5. For such other and further relief that is just and equitable.

DATED this 19 day of July, 2022.

OGDEN MURPHY WALLACE, P.L.L.C.

By: *s/Daniel F. Shickich*
Daniel F. Shickich, WSBA #46479
901 5th Ave, Suite 3500
Seattle, WA 98164
Tel: 206-447-7000
Fax: 206-447-0215
dshickich@omwlaw.com
Attorneys for Plaintiffs Cornerstone Healthcare Services, LLC and Riverside Nursing-Centralia, LLC

{NAC2646343.DOCX;2/12793.000001/ }
COMPLAINT - 7

OGDEN MURPHY WALLACE, P.L.L.C.
901 Fifth Avenue, Suite 3500
Seattle, Washington 98164-2008
Tel: 206.447.7000/Fax: 206.447.0215